UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JENNIFER DUNCAN

                        Plaintiff,

v.                                                     <u>ORDER</u>

SULLIVAN COUNTY, et al.,                         18-cv-9269 (PMH)

                        Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

       On December 29, 2021, Magistrate Judge Paul E. Davison issued a Report and Recommendation concluding and recommending that this Court conclude that Defendants' motions to dismiss be granted and that this case be dismissed with prejudice ("R&R"). (Doc. 259). The deadline to file objections to the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure Rule 72(b), expired on January 12, 2022. On January 10, 2022, Plaintiff's attorney, Henry N. Christensen, Jr., filed a letter requesting an extension of the time to file objections in order to draft and present "numerous proposed findings of fact." (Doc. 260). The Court granted an extension to February 2, 2022, marking it peremptorily against Plaintiff and warning that no further extensions would be granted. (Doc. 261).

       On the eve of and on the adjourned deadline date, Plaintiff filed a number of documents in which she purported to be filing as "Temporarily *Pro Se*." (*See* Docs. 262-267). At the time of these *pro se* filings, Plaintiff was, and still is, represented by Mr. Christensen.[1] The law is clear that the Court need not accept Plaintiff's *pro se* filing in this civil matter while Plaintiff is represented by counsel. Indeed, the Court may reject such filings until effective

---

[1] Indeed, Attorney Christensen was counsel of record in this matter at the time Plaintiff's objections to the R&R were due and continues to be counsel of record until relieved by Order of the Court pursuant to Local Civil Rule 1.4.

termination of attorney representation. *See, e.g., United States v. DiPietro*, No. 02-CR-1237, 2007 WL 3130553, at *1 (S.D.N.Y. Oct. 17, 2007) ("Pursuant to its docket-managing authority, a district court may reject purported pro se motions filed by a represented defendant."); *Mitchell v. Senkowski*, 489 F. Supp. 2d 147, 150 (N.D.N.Y. 2006) ("[T]his Court will not accept Plaintiff's *pro se* filing in this civil matter . . . with Plaintiff represented by counsel. . . . Thus, the Court rejects Plaintiff's *pro se* Motion, and dismisses same without prejudice to re-filing by counsel or re-filing by Plaintiff upon effective termination of attorney representation." (internal citation omitted)). One of the documents filed was Plaintiff's request for a conference, an adjournment, and *in futuro*, a stay. (Doc. 265). Defendants opposed such a request for various reasons, including the fact that Mr. Christensen is still her counsel. (Docs. 268, 269).

Irrespective of whether the "Temporarily *Pro Se*" filings are proper, the Court will not grant Plaintiff's belated, eve-of and date-of-deadline request for a further extension of time to file objections to the R&R. The Court already granted Plaintiff an extension, clearly warned Plaintiff that no further extensions would be granted, and the improperly-made request fails to comply with the Court's Individual Practices Rule 1.C ("Absent an emergency, any request for adjournments or extensions must be made at least 48 hours prior to the scheduled appearance or deadline.").

To the extent Plaintiff requests a conference, the Court deems it unnecessary in light of the procedural posture of this case. As regards any other forms of affirmative relief *in futuro* requested by Plaintiff, such requests are denied in light of Judge Davison's Order staying any motion seeking affirmative relief pending further order of the Court (Doc. 239). That Order remains in full force and effect.

SO ORDERED:

Dated: White Plains, New York
       February 14, 2022

_____
Philip M. Halpern
United States District Judge