UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

JENNIFER DUNCAN

                      Plaintiff,

v.                                            ORDER

SULLIVAN COUNTY, et al.,             18-CV-9269 (PMH) (PED)

                      Defendants.
--------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

Before the Court is Magistrate Judge Paul E. Davison's December 29, 2021 Report and Recommendation ("Report") recommending that the Court conclude that Defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 37(b), 37(d), and 41(b) for Plaintiff's failure to prosecute, failure to respond to discovery, and failure to comply with the Court's orders be granted, and that this case be dismissed with prejudice.[1] (Doc. 259, "R&R).

Objections to the Report, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), were due on January 12, 2022. On January 10, 2022, Plaintiff's attorney, Henry N. Christensen, Jr., filed a letter requesting an extension of time to file objections in order to draft and present "numerous proposed findings of fact." (Doc. 260). The Court granted an extension to February 2, 2022, marking it peremptorily against Plaintiff and warning that no further extensions would be granted. (Doc. 261). On February 1, 2022 and February 2, 2022, Plaintiff filed a number of documents in which she purported to be filing as Plaintiff "Temporarily Pro Se" (the "Pro Se Filings"). (See Docs. 262-267). The Pro Se Filings included, as relevant to this Order, the

---

[1] By Order dated March 25, 2021, the Court referred this case to Magistrate Judge Paul E. Davison for general pretrial purposes, including, *inter alia*, discovery disputes among the parties and any dispositive motions. (Doc. 200).

following documents: (1) "Overview—Prelim Response to Report and Objections" which advises the Court of her attachments A-D (Doc. 263); (2) "C Preliminary response to report and recommendations" (Doc. 263-1); (3) "D supplement to report objection, motns, and requests" (Doc. 263-2); (4) "Plaintiff-Objectant's Proposed Findings of Fact" (Doc. 264); (5) "Requests for Conference" (Doc. 265); and (6) "Plaintiff's Memorandum of Law Objecting to Magistrate's Report and Recommendation and in Opposition to Motions to Dismiss" (Doc. 267).[2]

On February 4, 2022, the Court endorsed a letter from the State Defendants[3] permitting their responses to the Pro Se Filings to be filed by February 16, 2022. (Doc. 270). On February 7, 2022, the Court received an *ex parte* and *in camera* submission from Mr. Christensen seeking to be relieved as counsel for Plaintiff, which was thereafter docketed with counsel's consent on February 9, 2022. (Doc. 273). The Court held oral argument on Mr. Christensen's motion on February 15, 2022, which proceeding is hereby incorporated by reference in full herein.[4] As stated on the record, the Court accepted the Pro Se Filings and considers them as Plaintiff's timely objections to the Report. On February 16, 2022, the State Defendants, the County Defendants, and

---

[2] To the extent Plaintiff, temporarily *pro se*, requested a conference, an adjournment of time to file objections, and *in futuro*, a stay (*see* Doc. 265), the Court denied her request on the grounds that an extension had already been granted, the Court had previously warned Plaintiff that no further extensions would be granted, the request failed to comply with the Court's Individual Practices Rule 1.C, the procedural posture of the case rendered a conference unnecessary, and Judge Davison's November 10, 2021 order (Doc. 239), which remains in full force and effect, stayed any motion seeking affirmative relief. (Doc. 275). On February 17, 2022, Mr. Christensen, having failed to file any objections on behalf of his client when due, filed a letter seeking to "call to the Court's attention" purportedly "misleading" statements in a letter from the County Defendants (Doc. 269) concerning the interpretation of Judge Davison's November 10, 2021 order. (Doc. 279). The Court does not find that Plaintiff's construction of Judge Davison's order actually deviates in any material respect from that in the County Defendants' letter or the Court's subsequent Order (Doc. 275); regardless, a determination concerning any such distinction is not necessary or relevant to the Court's determination herein. To the extent Plaintiff's February 17, 2022 letter can be read to seek an extension of time for Plaintiff to file any additional objections and/or a motion seeking affirmative relief, such request is denied.

[3] Unless otherwise indicated, capitalized terms have the same meanings ascribed to them in the Report.

[4] Mr. Christensen's application to withdraw will be dealt with separately.

Hart each filed responses to Plaintiff's objections. (Docs. 276-278).

The Court, in reviewing a magistrate judge's report and recommendation, "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a report and recommendation "[w]ithin fourteen days after being served with a copy . . . ." *Id*. "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009). If a party timely objects to the findings or recommendations of the magistrate judge, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997) (quoting 28 U.S.C. § 636(b)(1)). If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded. *Clemmons v. Lee*, No. 13-CV-04969, 2022 WL 255737, at *1 (S.D.N.Y. Jan. 27, 2022) (citing *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Id*. (internal citation omitted). Where a party "makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error." *Id*.

A careful review of the Pro Se Filings reveals that Plaintiff has not raised any specific objections to the Report. Indeed, Plaintiff's submissions, as discussed below, only peripherally address legal issues raised in the Report, and otherwise reiterate Plaintiff's long-time narrative that her disabilities and the alleged lack of services prevent her from complying with discovery,

prosecuting her action, and otherwise fulfilling her obligations in this litigation. Because Plaintiff's submissions raise only "general objections" which "reiterate previous arguments,"[5] the Court reviews the Report under the clearly erroneous standard. *Id*.

Plaintiff argues that the Report "[f]ails to describe or acknowledge the consequences of the disability in terms of Plaintiff's needs and the associated obligations of the Defendants and fails to address the consequent inability of Plaintiff to conform to the Court's scheduling order." (Doc. 267 at 12). Therefore, Plaintiff argues, the Magistrate Judge erred in "[r]ecommending dismissal without considering the facts of disability and lack[] of disability support Plaintiff's inability to comply with discovery deadlines is not evidence of her wilfulness [sic], but rather of lack of support and services." (*Id*. at 13).

The Report, however, does address Plaintiff's allegations concerning the alleged consequences of Plaintiff's disability on her ability to comply with the Court's orders. The Report sets forth the direct and indirect communications to the Court explaining Plaintiff's position that she "should not be held to the kinds of deadlines and schedules the Court sets for able persons" (*Id*. at 7) and that when Defendants provide the services she deems necessary, "she will devote her energy to prosecuting this litigation" (*Id*. at 8). (*See, e.g.*, R&R at 8, 12, 15-17, 19-20, 23-24, 32-34). Plaintiff's arguments concerning her need for services, including accommodations from the Court, prior to complying with her discovery obligations were raised throughout the litigation, including in her opposition to Defendants' motions to dismiss (set forth in her 45-page supplemental affirmation), and were considered and addressed in the Report. (*See, e.g.*, *id*. at 15-

---

[5] To be sure, Plaintiff's submission is almost a complete restatement *in haec verba* of Plaintiff's Memorandum of Law submitted with her response to Defendants' motions to dismiss before Judge Davison. (*Compare* Doc. 242 with Doc. 267).

16, 26-30).[6] Judge Davison's findings that Plaintiff has failed to advance a "convincing reason why her attorney cannot proceed with this case and comply with court requirements, despite her disability" (*id.* at 33) is amply supported by the record.

Judge Davison carefully analyzed each of the factors required by law to determine the appropriateness of dismissal. As detailed thoroughly in Judge Davison's Report, throughout this litigation Plaintiff has repeatedly flouted the Court's Orders and refused to meet her discovery obligations. "The Court is not obligated to permit in perpetuity Plaintiff's . . . barrage of . . . excessive filings, and [her] refusal to meet [her] discovery obligations. To the contrary, the Court has an obligation to prevent such a waste of the judiciary's resources and the extreme prejudice to the Defendant from absorbing the costs of a protracted litigation." *Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578, 2021 WL 3721349, at *3 (S.D.N.Y. Aug. 20, 2021) (citing *Jones v. Niagara Frontier Transportation Authority*, 836 F.2d 731, 734-35 (2d Cir. 1987)).

Plaintiff, importantly, does not dispute the central issue supporting the Report's conclusion: that she has consistently failed to meaningfully participate in discovery and comply with multiple Court orders. Indeed, she advises the Court in the Pro Se Filings that, even after more than three years of litigation (this action was commenced on October 10, 2018) and at this stage of the proceedings despite five extensions delaying the conclusion of discovery for more than one year, "recovery of [responsive documents] will require Plaintiff to have access to her documents and enough strength and health to work with them." (Doc. 267 at 11). In other words, Plaintiff insists she is entitled to continue to avoid her discovery obligations and withhold

---

[6] Notably, as Defendants and Judge Davison pointed out, Plaintiff's claim that she is completely unable to participate in discovery is belied by the record that shows her "ability to churn out documents when [s]he wishes to do so" and supports a finding of willfulness. (R&R at 35 n.7 (quoting *D'Attore v. City of New York*, No. 10-CV-01782, 2012 WL 5871604, at *4 (S.D.N.Y. Sept. 27, 2012), *adopted by* 2012 WL 5871602 (S.D.N.Y. Nov. 20, 2012))).

potentially relevant discovery until she deems it convenient to comply, which end appears to be "nowhere in sight." (R&R at 34). Judge Davison meticulously detailed Plaintiff's longstanding and repeated failures to comply with discovery requests, deadlines, and Court Orders, and, after applying the relevant criteria and controlling case law, correctly determined that her conduct in this litigation warranted dismissal of the action with prejudice.

Furthermore, to the extent Plaintiff requests that the Court consider additional proposed "facts" that she submitted (Doc. 264), "[t]he Court need not consider arguments and factual assertions not raised initially before the magistrate judge." *Kallas v. Egan*, No. 18-CV-12310, 2020 WL 506458, at *1 (S.D.N.Y. Jan. 30, 2020). Even in *pro se* cases, district courts generally will not consider new evidence that is raised in objections to a report and recommendation. *Telfair v. Le Pain Quotidien U.S.*, No. 16-CV-5424, 2017 WL 1405754, at *1 (S.D.N.Y. 2017) (internal citations omitted); *see also Robinson v. Keane*, No. 92-CV-06090, 1999 WL 459811 at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation."). Separately, to the extent that Plaintiff contends that these or other "facts" should have been considered in an evidentiary hearing before the Magistrate Judge's ruling on the motions to dismiss, Plaintiff fails to offer any compelling reason to support the necessity of an evidentiary hearing on the motions to dismiss. Plaintiff does not point to any facts that could have been adduced at a hearing—and not otherwise already presented in this extensive record—to excuse her from her failure to prosecute her action, participate in discovery, and comply with Court orders. While the Court is sympathetic to Plaintiff's disabilities, they do not excuse her from obligations in this litigation, and her enduring noncompliance mandates the result recommended by Judge Davison.

6

Accordingly, Plaintiff's objections to the Report are overruled, and the Court adopts the Report in full and dismisses Plaintiff's Second Amended Complaint with prejudice. The Clerk of Court is respectfully directed to terminate the pending motions (except Mr. Christensen's motion to withdraw as counsel (Doc. 273)), enter judgment dismissing the case with prejudice, and close this case.

**SO ORDERED:**

Dated:     White Plains, New York
           February 28, 2022

_____
PHILIP M. HALPERN
United States District Judge